IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MIGUEL FLORES
    *Plaintiff*,

v.

                                Civil Action No. ELH-16-2135

CITY CERTIFIED BUILDING
SERVICES, INC., *et al.*,
    *Defendants*.

## MEMORANDUM

On June 15, 2016, plaintiff Miguel Flores filed suit against defendants City Certified Building Services, Inc. ("City") and Scottie Morgan.  ECF 1.  He asserted wage claims under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage And Hour Law ("MHWL"), §§ 3-401 *et seq.* of the Labor and Employment Article ("L.E.") of the Maryland Code; and the Maryland Wage Payment and Collection Law, L.E. § 5-301.  The docket reflects that both defendants were served on July 1, 2016.  *See* ECF 7 (as to City) and ECF 8 (as to Morgan).  Neither defendant responded to the suit.  Therefore, pursuant to a request by Flores (ECF 10), the Clerk entered an Order of Default as to both defendants on August 31, 2016.  ECF 11.

On October 20, 2016, Flores filed a Motion For Default Judgment (ECF 13), supported by a Memorandum of Law (ECF 13-1) (collectively, the "Motion") as well as the Affidavit of Flores (ECF 13-2), with attachments, and the Declaration of Roberto Allen, Esquire (ECF 13-3).  The Motion includes a request for costs and attorney's fees.  Defendants have not responded to the Motion, and the time to do so has expired.  *See* Local Rule 105.2(a).

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall GRANT the Motion, but shall reduce the award of attorney's fees.

### Discussion

Rule 55(b) of the Federal Rules of Civil procedure governs default judgments.  In particular, Rule 55(b)(1) provides that the clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation."[1]  But, "[a] plaintiff's assertion of a sum in a complaint does not make the sum 'certain' unless the plaintiff claims liquidated damages; otherwise the complaint must be supported by affidavit or documentary evidence.  *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (Grimm, M.J.).[2]

To be sure, the United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on the merits."  *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *see Tazco, Inc. v. Director, Office of Workers' Compensation Program,* 895 F. 2d 949, 950 (4th Cir. 1990); *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006).  But, that policy is not absolute.  Default judgment "'is appropriate when the "adversary process has been halted because of an essentially unresponsive party.'"  *Entrepreneur Media, Inc. v. JMD Entertainment Group, LLC*, 958 F. Supp. 2d 588, 593 (D. Md. 2013) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

As noted, defendants did not respond to the suit.  Therefore, all of plaintiff's factual allegations, other than those pertaining to damages, are deemed admitted.  *See* Fed. R. Civ. P.

---

[1] If the sum is not certain or ascertainable through computation, the court looks to Rule 55(b)(2).

[2] Judge Grimm now serves as a United States District Judge.  But, he authored *Monge* when he was a United States Magistrate Judge.

8(b)(6); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (stating that the court accepts as true the well pleaded factual allegations in the Complaint as to liability). But, the court must determine whether the undisputed factual allegations constitute a legitimate cause of action. *Id.* at 780-81; *see also* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (3d ed. 2010 Supp.) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court is satisfied that liability has been established, it must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81.  Allegations "relating to the amount of damages" are not deemed admitted based on a defendant's failure to respond to a suit.  Fed R. Civ. P. 8(b)(6); *see Ryan*, 253 F.3d at 780 ("'[D]efault is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover'") (citation omitted); *Monge*, 751 Supp. 2d at 794; *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."); *Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *1 (W.D. Va. June 30, 2009) ("Upon default judgment, Plaintiff's factual allegations are accepted as true for all purposes excluding determination of damages.").

Rather, the court must make an independent determination regarding allegations as to damages. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). However, the court may also make a determination of damages without a hearing, so long as there is an

adequate evidentiary basis in the record to support an award of the requested damages. *See Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) ("[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum."); *see also Trustees of the Nat'l Asbestos Workers Pension Fund v. Ideal Insulation, Inc.*, Civil No. ELH-11-832, 2011 WL 5151067, at *4 (D. Md. Oct. 27, 2011) (determining that, in a case of default judgment against an employer, "the Court may award damages without a hearing if the record supports the damages requested"); *Monge*, 751 F. Supp. 2d at 795 (same); *Pentech Fin. Servs., Inc.*, Civ. No. 6:09cv00004, 2009 WL 1872535, at *2 (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment because plaintiff submitted affidavits and records establishing the amount of damages); *JTH Tax, Inc. v. Smith*, Civil No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) ("If the defendant does not contest the amount pleaded in the complaint and the claim is for a sum that is certain or easily computable, the judgment can be entered for that amount without further hearing.").

Notably, under Fed. R. Civ. P. 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See In re Genesys Data Techs, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("When a Complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages."). This is meant to enable the defendant to decide whether to expend the resources to defend the action. *Monge*, 751 F. Supp. 2d at 796.

Plaintiff seeks compensation for hours he worked for which defendants did not pay him. The FLSA provides that, for any hours worked in excess of forty hours per week, an employee shall "receive[] compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207. Similarly, L.E. § 3-415(a)

provides that "each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage," and L.E. § 3-420(a) provides that overtime wages shall be computed "on the basis of each hour over 40 hours that an employee works during 1 workweek." Further, 29 U.S.C. § 216(b) states:

> Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation, . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

Maryland law is to the same effect.  If states:  "If an employer pays an employee less than the wage required under this subtitle, the employee may bring an action against the employer to recover the difference between the wage paid to the employee and the wage required under this subtitle," as well as costs and attorney's fees. L.E. § 3-427(a) & (d).

With regard to the payment of regular wages, the MWPCL provides, *inter alia*, that an employer "shall pay the employee all wages due upon termination."  L.E. § 3-505(a). Moreover, the employee has a cause of action against the employer under L.E. § 3-507.1(a), and L.E. § 3-507.1(b) provides that, if "a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute, the court may award the employee an amount not exceeding 3 times the wage, and reasonable counsel fees and other costs."   In addition, both Maryland and federal law require that employers keep records of employees' wages and hours.  29 U.S.C. § 211(c); L.E. § 3-424.

The amount defendants owe plaintiff is calculated based on plaintiff's rate of compensation and the number of unpaid hours he worked. "In cases such as the present one in which wage and pay records, required to be kept by employers pursuant to 29 U.S.C. § 211(c), are not available, [the employee] must show the amount and extent of [his] improperly

compensated work 'as a matter of just and reasonable inference.'" *Lopez v. Lawns 'R' Us*, Civil No. DKC-07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008) (Schulze, M.J.) (quoting *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985)); *see Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) ("Due regard must be given to the fact that it is the employer who has the duty under . . . the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof."), *superseded by statute on other grounds, as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293 (D.C. Cir. 1972).

Notably, an employee's statement under oath "as to his recollection of the hours he worked and the pay he received, if considered credible by the trier of fact, is sufficient to establish a prima facie case of wages owed." *Lopez*, 2008 WL 2227353, at *3. And, if the employer does not successfully rebut the employee's statement, "[t]he Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Id.*[3]

In his Affidavit, ECF 13-2, Flores avers that he had a rate of pay of $16.67 per hour (ECF 13-2, ¶ 4) and had total unpaid wages of $1,350, based on his employer's failure to pay him at all for his work in March 2016, in the sum of $900, and his employer's failure to pay him for half of

---

[3] Judge Grimm explained in *Monge*, 751 F. Supp. 2d at 789 n.5: "In *Lopez*, 2008 WL 2227353, at *3 n.5, Magistrate Judge Schulze noted that '[t]hese standards apply to FLSA claims . . . . but application of the FLSA standards [to MWCPL claims as well] is appropriate in light of Maryland's similar requirement that employers keep records of employees' hours and wages' and that '[c]ases indicate that the same kind of evidence—including an employee's testimony—would be competent under Maryland law.'"

February, *i.e.*, $450.  *Id.*, ¶¶ 5-9.  *See also* ECF 13-2 at 3-5.  Thus, he claims $1,350 in unpaid wages.  ECF 13-2, ¶¶ 5-7.  Further, he seeks liquidated damages under the FLSA and the MWCPL of $1,350 under each statute, for a total of $2,700 in liquidated damages, and a total wage award of $4,050.  *See, e.g.*, *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646 (2014).

Upon review of the submissions and the applicable statutes, I am satisfied that plaintiff has stated claims for violations of the Fair Labor Standards Act and the MWPCL.  Moreover, the record supports an award of the damages he has requested.[4]

I turn to plaintiff's request for attorney's fees in the amount of $4,462.60, plus costs.  The request is supported by the Declaration of counsel.  *See* ECF 13-3.  No billing records were provided, however.

Pursuant to 29 U.S.C. § 216(b) and L.E. §§ 3-507.1 & 3-427(d), the court may award the employee's attorney's fees as well as costs.  In calculating the appropriate award of attorney's fees, the Court must first determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that, "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (citations and internal quotation marks omitted).

"The Supreme Court has indulged a 'strong presumption'" that the "lodestar" figure, as defined by the Court in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), "represents a reasonable attorney's fee."  *McAfee v. Boczar*, 738 F.3d 81, 88-89 (4th Cir. 2013).  As indicated, to

---

[4] In the Complaint, plaintiff sought unpaid wages of $1,400 and liquidated damages of $2,800.  ECF 1, ¶ 35.  Therefore, Rule 54(c) is not violated, because plaintiff seeks damages in an amount slightly *less* than what he requested in the Complaint.

determine the  lodestar figure, courts must multiply "'the number of reasonable hours expended

times a reasonable rate.'"  *Id*. (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243

(4th Cir. 2009).

Notably, when entering a default judgment, the Court may make an award of attorney's

fees for a lesser amount than the moving party requested. *See DirecTV v. Agee*, 405 F. Supp. 2d

6, 8 (D.D.C. 2005) (concluding, on granting default judgment, that "plaintiff's requested relief

… for attorneys' fees [was] excessive" and awarding half of what was requested in the plaintiff's

motion).  In other words, a trial court is vested with discretion in determining the award of fees,

given its "'superior understanding of the litigation.'"  *Thompson v. HUD*, No. MJG-95-309, 2002

WL 31777631, at *6 n.18 (D. Md. Nov. 21, 2002) (quoting *Daly v. Hill*, 790 F.2d 1071, 1078–79

(4th Cir. 1986)); *see also McAfee*, 738 F.3d at 88; *Robinson*, 560 F.3d at 243.

The court determines a reasonable fee by assessing whether the hours worked were

reasonable or whether the request includes hours that were unnecessary or duplicative. Thus, the

plaintiff "must show that the number of hours for which he seeks reimbursement is reasonable

and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v.

Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008)

(concluding, after initially determining that the attorney's hourly rate was reasonable, that

attorney's fees requested by plaintiff were reasonable, based on documentation of hours worked

and the work completed); *Flynn v. Jocanz*, 480 F. Supp. 2d 218, 220–21 (D.D.C. 2007)

(awarding requested attorney's fees based on affidavits and the record).

In evaluating the reasonableness of the requested legal fee, the court must apply the

twelve factors articulated in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717–19

(5th Cir. 1974), and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc*., 577 F.2d 216,

226 (4th Cir. 1978); *see McAfee*, 738 F.3d at 88-89.  The *Johnson* factors follow, 488 F.2d at

717-19:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Here, counsel has been a member of the Maryland Bar since December 1997.  Under

Appendix B to this Court's Local Rules, Rules and Guidelines for Determining Attorneys' Fees

in Certain Cases, attorneys admitted to the Bar for 9 to 14 years may reasonably bill at the rate of

$275-$425 per hour.  Local Rules App'x B at 3.d.  Counsel claims the top hourly rate of $425.

In support of his fee request, counsel also avers that he spent a total of 10.5 hours on this matter.

In particular, he asserts that he spent three hours for "pleadings"; three hours for motions

practice; one hour for fee petition preparation; and 3.5 hours for "Case Development and case

administration."

Counsel candidly acknowledges:  "This case did not involve any novel issues of law,

since the claim was a relatively straight forward one for minimum wage under the FLSA and for

unpaid wages under the MWPCL, and the Defendant never answered the Complaint and did not

otherwise appear in the case."  ECF 13-3, ¶ 9.

This case was hardly complicated, as counsel recognizes.  Moreover, plaintiff's

submissions are rather abbreviated.  The Complaint consists of about six pages, and the legal

memorandum in support of the Motion is four pages in length.  In addition, the Motion is

supported by two short affidavits.  Plaintiff has not provided any detail or explanation for his

request for 3.5 hours for "Case Development and case administration," which is his largest block

of time.  In my view, looking at the legal submissions, 10.5 hours exceeds what was reasonable and necessary to bring this relatively simple, uncontested matter to conclusion through the default judgment process.  Therefore, I shall reduce the compensable hours to a total of eight, but I shall not reduce the hourly rate.  Accordingly, I shall award attorney's fees in the amount of $3,400.

As noted, plaintiff also seeks to recover costs.  In particular, he requests $25.04 for service of process as well as reimbursement of the court filing fee of $400.  Plaintiff's request for costs is reasonable.

In an FLSA action, the "[p]ayment of costs to a prevailing plaintiff is mandatory. . . ." *Lopez*, 2008 WL 2227353, at *7. Under the FLSA, and other similar fee-shifting statutes, "the costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Id.* (finding a $350 filing fee and a $200 service process fee "well within the categories of normal and necessary costs of litigation that would normally be charged to paying clients").

An Order follows.


Date:   November 16, 2016                               /s/
                                        Ellen L. Hollander
                                        United States District Judge